UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JAMES L. LeSHORE,** )<br>)<br>  **Plaintiff,** )<br>)<br>  vs. )<br>)<br>**ALLEN COUNTY JAIL,** )<br>)<br>  **Defendant.** ) | CAUSE NO. 1:06-CV-259 AS |

*OPINION AND ORDER*

James L. LeShore, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right

> acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. LeShore alleges that while a pre-trial detainee, he has used the same blanket for nearly a year. He states that during this time, the blanket should have, but has not, been washed. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer* at 832,

but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

Mr. LeShore does not allege and, based on this complaint, it would not be reasonable to infer that he has suffered any actual injury as a result of his dirty blanket. Though the blanket may be unpleasant or uncomfortable, it does not deprive him of the minimal civilized measure of life's necessities.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

**ENTERED: July 25, 2006**

          **S/ ALLEN SHARP**
          **ALLEN SHARP, JUDGE**
          **UNITED STATES DISTRICT COURT**